UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALEXIN, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   CAUSE NO. 1:13-CV-207 |
| | ) |
| OLYMPIC METALS, LLC, | ) |
| | ) |
|    Defendant. | ) |

## OPINION AND ORDER

This case was filed in this Court on July 1, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that "Alexin is an Indiana limited liability company with its principal place of business located in Bluffton, Indiana," and that "[u]pon information and belief, Olympic Metals is a Florida limited liability company with its principal place of business located in Miami, Florida." (Compl. ¶¶ 1-2.)

The Complaint, however, is inadequate for two reasons. First, as to both Alexin, LLC, and Olympic Metals, LLC, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, rather than alleging where Alexin and Olympic Metals are organized and maintain their principal places of business, the Court must be advised of the citizenship of all of Alexin's members and all of Olympic Metals' members to ensure that none of Alexin's members share a common citizenship with Olympic Metals' members. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of Alexin and Olympic Metals who are a partnership

1

or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Furthermore, the Complaint is also insufficient to establish Olympic Metals' citizenship because it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Plaintiff must amend its Complaint to allege Olympic Metals' citizenship on personal knowledge rather than on information and belief.

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint on or before July 16, 2013, properly alleging on personal knowledge the citizenship of Plaintiff Alexin, LLC, and Defendant Olympic Metals, LLC, tracing the citizenship of all unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for this 2nd day of July, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge